**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FAYDRA HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:24-856 |
| | ) | |
| vs. | ) | |
| | ) | |
| COMPASS GROUP USA, INC., d/b/a CHARTWELLS DINING SERVICES, | ) | Chief Magistrate Judge Patricia L. Dodge |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I. Relevant Background

Plaintiff Faydra Hunter brought this action against Defendant Compass Group USA, Inc. d/b/a Chartwells Dining Services ("Compass Group"), arising out of its termination of her employment. The parties stipulated to have this action stayed while they pursued agreed-upon binding arbitration. Subsequently, Compass Group reported that the arbitrator ruled in its favor. Plaintiff now moves to vacate the arbitration award pursuant to 9 U.S.C. § 10 (ECF No. 15).

For the reasons that follow, Plaintiff's motion will be denied, final judgment will be entered in Compass Group's favor and the case will be dismissed with prejudice.[1]

### II. Procedural History

Plaintiff commenced this action on June 12, 2024. (ECF No. 1.) She alleged claims of interference and retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2601-54 ("FMLA") Federal question subject matter jurisdiction is based on the FMLA claims asserted, 29 U.S.C. § 2617(a)(2). Count I sets forth a claim of FMLA interference and retaliation. In Count

---

[1] The parties have fully consented to jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 27, 29.)

II, the Complaint alleged a claim of workers' compensation retaliation under Pennsylvania law.

On June 28, 2024, the parties filed a stipulation to stay the proceedings pending agreed-upon binding arbitration. (ECF No. 5.) The Court stayed and administratively closed the case. (ECF No. 6.)

On August 20, 2026, an order was filed directing the parties to submit an update on the status of the arbitration by August 28, 2026. (ECF No. 7.) Compass Group reported that, on July 7, 2026, the arbitrator had issued a decision in its favor and asserted that this action should be dismissed. (ECF No. 8.) Plaintiff's counsel, who had withdrawn from representing her at the arbitration at her request, then filed a motion to withdraw in this case (ECF No. 11), which was granted (ECF No. 12).

On September 28, 2026, Plaintiff, now proceeding pro se, filed a motion to vacate the arbitration award (ECF No. 15), which she subsequently supplemented (ECF No. 25).[2] Compass Group filed a response in opposition (ECF No. 22), which it later supplemented (ECF No. 26). Plaintiff subsequently sought and obtained leave to file a reply brief (ECF No. 33).

## III. <u>Arbitration Proceedings</u>

The arbitration proceedings were conducted by the Honorable Joseph Del Sole (ret.) (the "Arbitrator"). On January 8, 2026, the Arbitrator issued an order with respect to Compass Group's motion for summary judgment. (ECF No. 15 Ex. B.) The order granted the motion in part and dismissed the workers' compensation retaliation claim and the FMLA interference claim. The Arbitrator denied its motion with respect to the FMLA retaliation claim.

---

[2] As Plaintiff observes, the Supreme Court recently held that a court that stays a case for the purposes of arbitration has ongoing jurisdiction thereafter to confirm or vacate the arbitration award. *Jules v. Andre Balazs Props*., 608 U.S. 200 (2026).

Thereafter, an evidentiary hearing was held on May 11 and 12, 2026. Plaintiff testified, as did her brother, Laron Williams, and a former coworker, Nevada Webb. Compass Group presented testimony from five current and former managerial level employees: Steve Schurr, Tony Loukas, Raschelle Marshall, Nick Rillo and Erica Washington. Both parties were given the opportunity for cross-examination, re-direct and re-cross over the course of the two-day hearing.

On or about June 4, 2026, when compiling her post-arbitration brief in this matter, Plaintiff requested permission to use the transcripts of testimony given in October 2025 by two Compass Group witnesses, Erica Washington and Raschelle Marshall, during a separate labor arbitration held before a different arbitrator. In her request, she clarified that she was seeking to use the prior testimony for the limited purpose of impeachment and credibility evidence. (ECF No. 15 Ex. C.) Compass Group objected to the untimely introduction of such testimony, contending that the legal issues decided in the labor arbitration were different than those before the Arbitrator. (*Id.*)

On June 5, 2026, the Arbitrator denied Plaintiff's request to submit this testimony. She filed what he described as a motion for reconsideration, which he denied on June 16, 2026. (*Id.* Ex. D.)

On June 26, 2026, the Arbitrator disclosed to the parties that he was being considered to serve as an arbitrator in another Compass Group matter, wholly unrelated to Plaintiff's claim. (*Id.* Ex G.) On July 1, 2026, Plaintiff indicated that she had no objection to his possible appointment as an arbitrator in an unrelated matter, although she stated that she "continue[d] to reserve all rights and objections if any additional or different facts are disclosed, if [Compass Group's] July 2 response raises new information, or if the potential future matter becomes

confirmed in a way that creates additional concerns before the award is issued." (*Id.* Ex. H.) Compass Group indicates that the Arbitrator was appointed in the other matter on July 2, 2026. (ECF No. 22 Ex. 2.)

On July 7, 2026, the Arbitrator issued an award in this matter in favor of Compass Group, citing the credibility of the live testimony provided by Compass Group's five witnesses regarding the reasons for Plaintiff's termination from employment. He found these witnesses "credible in all respects." (ECF No. 15 Ex. A at 4.)

## IV. Standard of Review

Under the Federal Arbitration Act ("FAA"), courts may vacate an arbitrator's decision "only in very unusual circumstances." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995). As the United States Supreme Court has explained, limited judicial review "maintain[s] arbitration's essential virtue of resolving disputes straightaway." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 588 (2008). The Supreme Court recognized that if parties could take "full-bore legal and evidentiary appeals," arbitration would become "merely a prelude to a more cumbersome and time-consuming judicial review process." *Id.* (citation omitted).

The FAA sets forth the limited and exclusive grounds for vacatur of an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a); *see also Metromedia Energy, Inc. v. Enserch Energy Servs., Inc.*, 409 F.3d 574, 578 (3d Cir. 2005) (vacatur available only in exceedingly narrow circumstances, such as where arbitrators are partial or corrupt, or the arbitrator manifestly disregards the law).

As the Court of Appeals has held, "[a]n arbitrator is evidently partial only if a reasonable person would have to conclude that she was partial to one side. The conclusion of bias must be ineluctable, the favorable treatment unilateral." *Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 253 (3d Cir. 2013) (citation omitted). With respect to the refusal to hear evidence, "[t]he cases make clear that vacatur pursuant to section 10(a)(3) is warranted only where the arbitrator's refusal to hear proffered testimony so affects the rights of a party that it may be said that he was deprived of a fair hearing." *Century Indem. Co. v. Certain Underwriters at Lloyd's, London, subscribing to Retrocessional Agreement Nos. 950548, 950549, 950646*, 584 F.3d 513, 557 (3d Cir. 2009) (internal citations omitted).

## V. Analysis

Plaintiff relies on two bases for seeking to vacate the arbitration award: (1) misconduct and/or partiality by the Arbitrator in denying her motion to include in her post-arbitration briefing the transcript of testimony recorded in her labor arbitration in October 2025; and (2) partiality of the Arbitrator based on his appointment in an unrelated matter involving Compass Group. In her supplement, she also appears to challenge the Arbitrator's partial granting of Compass Group's motion for summary judgment.

### A. Refusal to Admit Testimony From Another Proceeding

As noted, Plaintiff contends that the Arbitrator's decision not to allow her to include the testimony of two witnesses from her separate labor arbitration in her post-hearing brief demonstrates misconduct because his award was based on his assessment of these witnesses'

credibility.

This argument fails for several reasons. First, the decision of whether to admit this additional evidence was a matter within the Arbitrator's discretion. Compass Group notes that "inasmuch as arbitrators 'have wide latitude in how they conduct proceedings," *Office & Prof'l Employees Int'l Union, Local No. 471 v. Brownsville Gen. Hosp.*, 186 F.3d 326, 334 (3d Cir.1999), it is well within an arbitrator's authority to refuse to hear evidence that is of little relevance." *Century Indem. Co.*, 584 F.3d at 558. *See also News Am. Publications, Inc. Daily Racing Form Div. v. Newark Typographical Union, Loc. 103*, 918 F.2d 21, 24 (3d Cir. 1990) ("An arbitral award may not be overturned for factual error, or because the court disagrees with the arbitrator's assessment of the credibility of witnesses, or the weight the arbitrator has given to testimony.") (citation omitted). Moreover, an arbitrator's decision not to hear certain evidence must be "in bad faith or so gross as to amount to affirmative misconduct." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 40 (1987). There is no evidence of bad faith or misconduct based on the Arbitrator's decision not to admit additional evidence after the conclusion of the evidentiary hearing. Indeed, to decline to accept evidence at that juncture was a matter squarely within the discretion of the Arbitrator.

Moreover, the Arbitrator heard live testimony from both witnesses, as well as other witnesses offered by Compass Group. The two witnesses at issue were available for cross-examination by Plaintiff, and she does not argue that she was prohibited by the Arbitrator from examining them on any issue relevant to the proceeding.[3] The Arbitrator assessed their credibility, as he was required to do, and found both to be credible. Even assuming that one (or

[3] Indeed, as a participant in the prior arbitration, Plaintiff would have sufficient knowledge to raise inconsistencies in their testimony.

both) of these witnesses testified differently in another proceeding,[4] the witnesses testified before the Arbitrator and Plaintiff had a full opportunity to attack their credibility on cross-examination.[5]

The Arbitrator heard live testimony on direct and cross from these witnesses. Plaintiff has not demonstrated that his decision not to consider their prior testimony in another proceeding represents misconduct or partiality, or that as a result, Plaintiff was deprived of a fair hearing. Simply put, Plaintiff has not met the high standard required to vacate an arbitrator's decision based on this issue.

B. Arbitrator's Possible Appointment in Another Matter

Plaintiff also contends that the Arbitrator's disclosure that he was being considered to act as an arbitrator in another proceeding involving Compass Group suggests bias on his part. This argument also fails. The Arbitrator properly disclosed his potential appointment. Plaintiff did not object to his proposed appointment or raise the possibility of bias. While she refers to her lack of objection as "conditional" she points to nothing that would have altered her position between July 2 and July 7, when the Arbitrator issued the opinion in this case.

Perhaps more importantly, Plaintiff has not explained the significance of this issue to the ultimate outcome. If she is contending that the Arbitrator was biased in Compass Group's favor simply because he agreed to serve as an arbitrator in another matter involving the company, this

[4] Compass Group argues that there is no material inconsistency in these witnesses' testimony. In her reply brief, Plaintiff digs deeper into the details to suggest inconsistencies. The Court need not resolve this issue, however, because even accepting Plaintiff's position that the testimony was inconsistent in some manner does not provide a basis for vacating the award, as explained in the text.

[5] Plaintiff argues that she did not have access to the transcript until after the record closed. Compass Group disputes this point. Regardless, even accepting her position that she did not have access to the transcript during the arbitration hearing, she could have raised the issue with the Arbitrator or asked for a continuance. She did neither.

represents pure conjecture. And given the high standard of "evident partiality" to establish bias, as Plaintiff acknowledges (ECF No. 25 at 2), Plaintiff has not identified any bias by the Arbitrator in this case, let alone "sufficiently obvious" bias that would require vacating the award. Thus, there is no basis for vacating the award based upon arbitrator bias.

C. Summary Judgment Ruling

In her supplemental filing, Plaintiff challenges the Arbitrator's order that granted partial summary judgment in favor of Compass Group. Notably, the basis for her objection is not entirely clear.[6]

Under the FAA, an arbitrator may use summary judgment proceedings to resolve disputes. *See Simons v. Brown*, 444 F. Supp. 3d 642, 654 (E.D. Pa. 2020), *aff'd*, 2022 WL 296636 (3d Cir. Feb. 1, 2022). As the court noted:

> When applying Section 10(a)(4), it is not the proper role of the court to "sit as the [arbitrator] did and reexamine the evidence under the guise of determining whether the arbitrators exceeded their powers." *Mut. Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co.*, 868 F.2d 52, 56 (3d Cir. 1989). A party seeking relief therefore "bears a heavy burden" to show the award must be overturned."

*Id.* (quoting *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013)).

Plaintiff has not met her "heavy burden" of showing that the arbitration award should be overturned because the Arbitrator partially granted Compass Group's motion for summary judgment. Plaintiff has not demonstrated any basis for overturning this decision, and the Court cannot reexamine his ruling. Moreover, as Compass Group notes, discovery closed in the

---

[6] Plaintiff suggests that the Arbitrator's decision relied on Plaintiff's admission in a deposition that she had not applied for workers' compensation even though she did not have the transcript of this deposition. It seems unlikely that the Arbitrator would have possessed these deposition pages and she did not, but even assuming this to be true, she could have raised this issue with the Arbitrator. She also proffered an email in which she indicated that she was told by someone at Compass Group that she did not qualify for workers' compensation.

arbitration case in October 2025, summary judgment was entered on January 8, 2026, and the parties participated in multiple telephonic hearings with the Arbitrator to resolve outstanding discovery disputes. Plaintiff had multiple opportunities throughout the course of the arbitration to raise issues or seek reconsideration of his decisions. It is too late to relitigate these issues.

## VI. Conclusion

For these reasons, the Motion to Vacate Arbitration Award filed by Plaintiff (ECF No. 15) will be denied. Further, the arbitration award will be entered as a final judgment in this case and this action will be dismissed with prejudice.

An appropriate order follows.

November 17, 2026

/s/ Patricia L. Dodge
PATRICIA L. DODGE
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: FAYDRA HUNTER
1625 Westmoreland Avenue
Pittsburgh, PA 15206